ANNA SEABALD, Plaintiff, *v.* MARY GROSS, Also Known as MABEL KOEPPEL, and Others, Impleaded with LOUISE DANNENHOFFER, Defendants.

County Court, Nassau County, March 5, 1937.

*Eugene Schwartz*, for the plaintiff.

*George H. Hafner*, for the defendant Louise Dannenhoffer.

JOHNSON, J. This is a motion upon the pleadings to dismiss the complaint for failure to state a cause of action. The action is to foreclose a tax lien under the provisions of the Nassau County Tax Act, chapter 541 of the Laws of 1916, as amended by chapter 154 of the Laws of 1919, and as last amended by chapter 673 of the Laws of 1936. The complaint alleges in substance that the taxes upon the real property involved for the year 1930 were not paid and, as a result, were sold at a tax sale in the year 1932 to the plaintiff's assignor; that the plaintiff's assignor and the plaintiff

paid the taxes subsequently accruing for the years 1931 to 1936, both inclusive, making a total of $1,268.21 paid by the plaintiff's assignor and the plaintiff. The complaint further shows that more than forty-eight months have elapsed since the sale; alleges that the premises have not been redeemed from the sale, and plaintiff has elected to foreclose the tax lien.

The answer of the defendant Louise Dannenhoffer alleges that in September, 1936, which was apparently after the commencement of this action, she paid the county treasurer $1,020.36 in full payment of the taxes and penalties for the years 1930 to 1934, both inclusive.

The motion of the defendant Louise Dannenhoffer is to dismiss the complaint on two grounds: *First*, that the complaint fails to state a cause of action because it fails to show that the plaintiff before instituting her action served notice to redeem pursuant to the statute referred to; and *second*, because the said defendant has redeemed the premises from the plaintiff's tax lien pursuant to said trustee.

The allegations of the answer must be deemed to be denied. They cannot be considered upon this motion, which must be determined upon the face of the complaint. Even if the answer could be considered upon this motion, it does not set forth sufficient facts to show a redemption under the statute.

The statute provides that the holder of the certificate of sale may maintain an action in the Supreme Court or in the County Court to sell such property. (§ 94.) He may commence such action at any time after the expiration of forty-eight months from the date of the sale. (§ 95.) In section 89 of the act it is provided that redemption may be made before the sale in an action to foreclose the tax lien. If such redemption is made before the service of notice to redeem, it is made by paying to the county treasurer the amount of the purchase price and the subsequent taxes paid by the purchaser, with the interest and penalties. If redeemed after the service of notice to redeem, it is made by paying in addition thereto a further sum to cover costs of searches and serving notices. If it is redeemed after foreclosure has been commenced, there must be paid, in addition to the foregoing sums, a bill of costs.

Section 92 provides for the service of notice to redeem at any time after the expiration of forty-five months from the date of sale, but provides that if such notice is not given, the holder of the certificate of sale, in case of redemption, shall not be entitled to the costs as above stated but only to disbursements allowed by the Civil Practice Act.

It seems clear to me that this statute does not contemplate that service of the notice to redeem is a condition precedent to bringing an action for foreclosure of the tax lien. On the contrary, it expressly provides for redemption after the action has been brought, both where the notice has been given and where the notice has not been given. The penalty which the holder of the tax lien suffers by failure to give the notice to redeem before instituting his action is that he suffers the loss of costs and may recover only the disbursements taxable under the Civil Practice Act.

Upon this construction of the statute the complaint is sufficient upon its face, and the motion to dismiss it and for judgment on the pleadings must be denied. If the facts are as stated in the defendant's answer, it would seem that the defendant's remedy is to pay or offer to pay the amounts required by the statute to obtain redemption, and upon proof thereof, move for summary judgment or for dismissal of the complaint upon such payments being made.